**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**PNC BANK N.A.,**

      Plaintiff,

-vs-                                                     Case No.  13-C-1020

**ANDRE VAN HOORNAAR, and
ASTRID GROENVELD,**

      Defendants.

## DECISION AND ORDER

This Decision and Order addresses Plaintiff PNC Bank N.A.'s ("PNC") Fed. R. Civ. P. 56 motion for summary judgment of foreclosure and other related relief.  (ECF No. 37.)  Husband and wife Andre van Hoornaar ("van Hoornaar") and Astrid Groenveld (collectively "the Defendants") responded by filing a brief and an affidavit of David R. Barnes ("Barnes"), an attorney who acted on their behalf with respect to PNC (ECF Nos. 42, 44), but they did not file any response to PNC's proposed findings of fact. Therefore, those proposed findings are deemed uncontroverted, *see* Civil L.R. 56(b)(4) (E.D. Wis.); *see also Salvadori v. Franklin Sch. Dist.,* 293 F.3d 989, 992 (7th Cir. 2002), and provide the basis for the following relevant facts.  International diversity jurisdiction is afforded over PNC's action

pursuant to 28 U.S.C. § 1332(a)(2).

## Relevant Facts

National City Mortgage loaned the principal sum of $287,200.00 (the "loan") to van Hoornaar. The loan was memorialized by a note requiring van Hoornaar to repay the loan by monthly payments of principal and interest in the amount of $1,815.30.

The note contains the following provision regarding the failure to make a required payment:

> 6. Borrower's Failure to Pay as Required
>
> . . .
>
> (B) Default. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
>
> (C) Notice of Default. If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(Christopher Jones ("Jones")[1] Aff. ¶ 3, Ex. A ¶¶ 6(B), (C)) (ECF Nos. 39, 39-1.)

---

[1] Jones is an authorized signer for PNC Mortgage, a division of PNC, and is familiar with the loan transaction at issue in this case and the record keeping practices of PNC and its predecessor; he has personal knowledge of its computer system.

- 2 -

As security for the note, the Defendants executed a mortgage on the property known as 131 25th Avenue, Kenosha, Wisconsin 53140 (the "property"). (Jones Aff. ¶ 4; Ex. B.) (ECF No. 39-2.) The mortgage, which incorporated the note, provides as follows:

> **1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges**. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note.

(Jones Aff. ¶ 4; Ex. B ¶ 1.) The mortgage included the following provision regarding the acceptance of forbearance payments:

> **12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the

> exercise of any right or remedy.

(Jones Aff., Ex. B ¶ 12.)

PNC is the current holder of the note and mortgage. No payments toward principal and interest have been made and applied on the loan since January 2, 2013. The payment due on February 1, 2013, was not made as required by the note and mortgage. As a result, PNC sent correspondence specifying: (1) the default; (2) that in order to cure the default, a payment of $8,090.08 was required by April 17, 2013; and (3) that if the default was not cured by that date, the maturity date of the note would be accelerated and all sums would be immediately due and payable. The default was not cured by April 17, 2013; the maturity date of the note was accelerated and all sums under the note became immediately due and payable.

On June 5, 2013, Barnes faxed PNC an offer of a deed-in-lieu of foreclosure. (Barnes Aff. ¶ 4, Ex. B.) Barnes would have been able to provide PNC with an executed deed-in-lieu of foreclosure and the other necessary real estate transfer documents to transfer title to PNC by June 15, 2013. (Barnes Aff. ¶ 4.)

On June 26, 2013, PNC filed this foreclosure action in Kenosha County Circuit Court. PNC's counsel, on behalf of PNC, has physical

possession of the note and has continuously had physical possession of the note since June 26, 2013. The Defendants removed the case to this federal district court on September 9, 2013, relying on international diversity jurisdiction. (ECF No. 1.)

As of January 5, 2015, the total amount due under the note was $316,460.24,[2] which consists of (1) an outstanding principal balance of $261,288.40; (2) accrued and unpaid interest from February 1, 2013 to January 5, 2015, of $34,153.56; (3) an escrow/impound overdraft of $15,721.89; (4) unpaid late charges of $265.31; (5) other unpaid fees of $246.00; (6) a $24.00 property maintenance fee;[3] and (7) outstanding corporate advances of $4,761.08. Further interest of $46.53 will accrue each day through the date of judgment. (Jones Aff. ¶ 19.)

The mortgaged premises is a parcel of land 20 acres or less; with a one- to four-family residence thereon which is occupied as the Defendants' homestead and cannot be sold in parcels without injury to the interests of the parties. PNC is proceeding under Wis. Stat. § 846.101, with a six-month period of redemption. The Defendants expressly agreed to the

---

[2] The Court has corrected a mathematical error in the total amount due. Jones averred that as of January 5, 2015, the amount due under the note was $316,4**9**0.24, but the total is actually $316,4**6**0.24.

[3] The $24.00 property maintenance fee is set forth in paragraph 18 of the Jones Affidavit.

- 5 -

reduced redemption period provisions contained in Chapter 846 of the Wisconsin Statutes. Wis. Stat. § 846.101 states:

> If the mortgagor has agreed in writing at the time of the execution of the mortgage to the provisions of this section, and the foreclosure action involves a one- to 4-family residence that is owner-occupied at the commencement of the action . . . the plaintiff in a foreclosure action of a mortgage on real estate of 20 acres or less . . . may elect by express allegation in the complaint to waive judgment for any deficiency which may remain due to the plaintiff after sale of the mortgaged premises against every party who is personally liable for the debt secured by the mortgage, and to consent that the mortgagor, unless he or she abandons the property, may remain in possession of the mortgaged property and be entitled to all rents, issues and profits therefrom to the date of confirmation of the sale by the court.

No proceedings have been had at law or otherwise for the recovery of the sums secured by the note and mortgage.

## Analysis

PNC asserts that summary judgment awarding it judgment of foreclosure with a six-month period of redemption should be granted, because it has demonstrated (1) the genuineness and terms of the note and mortgage; (2) its right to enforce the note and mortgage; (3) that the note secured by the mortgage is in default; and (4) the unpaid loan amount.

The Defendants' sole contention with respect to the foreclosure is

- 6 -

that because PNC did not accept their June 5, 2013, offer to transfer the property back to PNC, it failed to mitigate its damages. Therefore, they maintain that PNC's recovery should be limited to $268,030.44 plus a small amount of daily interest to June 15, 2013, the date the deed-in-lieu of foreclosure could have been delivered. (Defs.' Resp. 3 (citing *Kuhlman, Inc. v. G. Heilman Brewing Co., Inc.,* 83 Wis. 2d 749, 752, 266 N.W.2d 382, 384 (Wis. 1978).)

Mortgage foreclosure cases are traditionally relegated to state law. *Hilgeford v. Peoples Bank,* 776 F.2d 176, 179 (7th Cir. 1985). PNC Bank seeks foreclosure under Wis. Stat. § 846.101, which permits shortened redemption periods in exchange for waivers of certain deficiency judgments. *See Bank Mut. v. S.J. Boyer Const., Inc.,* 326 Wis. 2d 521, 785 N.W.2d 462, 470 (Wis. 2010).

When the parties to a diversity case do not mention which state's law applies, the court applies the law of the state in which it is located. *Thomas v. UBS AG,* 706 F.3d 846, 848 (7th Cir. 2013). The parties are in apparent agreement that substantive Wisconsin law governs PNC's claims. A federal court must apply the applicable state's law as enunciated by the highest state court or otherwise by the intermediate appellate courts of the state. *Kutsugeras v. AVCO Corp.,* 973 F.2d 1341, 1346 (7th Cir. 1992); *see*

*also Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). The note and mortgage are contracts. Thus, they are subject to Wisconsin's principles of contract interpretation.

"The interpretation of an unambiguous contract presents a question of law . . ." *Betz v. Diamond Jim's Auto Sales,* 355 Wis. 2d 301, 849 N.W.2d 292, 299 (Wis. 2014). "In ascertaining the intent of the parties, contract terms should be given their plain or ordinary meaning." *Id.* (Citation omitted). "If the contract is unambiguous, [the Wisconsin court's] attempt to determine the parties' intent ends with the four corners of the contract, without consideration of extrinsic evidence." *Id.* (Citations omitted.)

PNC services the note and maintains the records related to all payments and default. A bank employee's affidavit that his employer had possession of "the accounting and other mortgage loan records" related to the loan and the employee's "personal inspection of said records" and assertion that the bank holds the note satisfy the requirements for a prima facie case that it is the holder and entitled to enforce the note. *PNC Bank, N.A. v. Bierbrauer*, 346 Wis. 2d 1, 827 N.W.2d 124, 127 (Wis. Ct. App. 2012).

As the holder of the note PNC has the right to enforce the note. The provisions of the note and mortgage are unambiguous. The note's terms

obligated van Hoornaar to make monthly payments of $1,815.30. The payment due February 1, 2013, was not made. Consequently, van Hoornaar was in default under the note and mortgage. PNC sent notice of default and right to cure as required by the note and mortgage, and van Hoornaar failed to cure the default by the stated deadline. As a result, the entire balance due on the note was accelerated and immediately due. PNC has established that as of January 5, 2015, $316,460.24 was due and owing, and that additional interest of $46.53 per day will accrue through the date of judgment. Additional interest of $11,167.20 has accrued during the 240 days from January 6, 2015 through the September 2, 2015, date of entry of judgment, making the total amount due to PNC $327,627.44. One way to enforce a note is by foreclosing on the related mortgage. *See Glover v. Marine Bank of Beaver Dam*, 117 Wis. 2d 684, 345 N.W.2d 449, 453 (Wis. 1984). "[F]oreclosure of a mortgage may be commenced when any condition of the mortgage is broken by the non-payment of any part of the debt secured thereby, when the same becomes due and remains unpaid." *Scheibe v. Kennedy*, 64 Wis. 564, 25 N.W. 646, 647 (Wis. 1885).

The Defendants assert that PNC failed to mitigate its damages when it declined to accept their offer of a deed-in-lieu of foreclosure. Previously, the Court denied the Defendants' motion to dismiss PNC's

- 9 -

Case 2:13-cv-01020-RTR    Filed 09/02/15    Page 9 of 13    Document 50

foreclosure claim based on their submission of a deed-in-lieu of foreclosure, which they had asserted would mitigate the parties' damages. *See PNC Bank, N.A. v. Van Hoornaar,* 44 F. Supp. 3d 846, 858-59 (E.D. Wis. 2014).

Wisconsin law recognizes that "[a]n injured party has a duty to mitigate damages, that is, to use reasonable means under the circumstances to avoid or minimize the damages." *Kuhlman*, 266 N.W.2d at 384. However, "[i]f the effort, risk, sacrifice or expense which the injured person must incur to avoid or minimize the loss or injury is such that a reasonable person under the circumstances might decline to incur it, the injured party's failure to act will not bar recovery of full damages." *Id.* The party causing the injury has the burden of proving that the injured party could have mitigated its damages. *Sprecher v. Weston's Bar, Inc.,* 78 Wis.2d 26, 253 N.W.2d 493, 500 (Wis. 1977).

In *Kuhlman,* 266 N.W.2d at 385, the court determined as a matter of law that under the parties' contract the purchaser of defective refrigerator equipment was not required to afford the seller of the equipment the first opportunity to repair the defective equipment. Here, the Defendants cite no cases holding that a lender must accept a deed in lieu of pursuing its remedy of foreclosure.

The Defendants' contention goes beyond mitigation of damages.

> In Wisconsin, a state which follows the lien theory of mortgages, the mortgagee does not have legal title. The full ownership, both equitable and legal, is in the mortgagor, and the interest of the mortgagee is that of a lien holder. The mortgagee is merely the holder of a security interest.

*Bank of Commerce v. Waukesha Cnty.,* 89 Wis. 2d 715, 279 N.W.2d 237, 241 (Wis. 1979). A deed-in-lieu of foreclosure would require that PNC change its legal position from a lien holder to holder of the title. A sheriff's deed following a foreclosure sale provides finality that may not be afforded by means of a deed-in-lieu of foreclosure. At a foreclosure sale, PNC could bid on the property but would not be required to take title. Under the circumstances, a reasonable person would decline to take a deed-in lieu of foreclosure. Therefore, the Defendants have not established that PNC failed to mitigate its damages by declining to accept their offer of a deed-in-lieu of foreclosure.

There is no genuine dispute of material fact, and PNC has established as a matter of law that it is entitled to foreclose the mortgage as a result of the Defendants' default and the subsequent acceleration of the note's maturity date. Therefore, PNC's motion for summary judgment of foreclosure is granted.

- 11 -

Case 2:13-cv-01020-RTR   Filed 09/02/15   Page 11 of 13   Document 50

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

PNC's motion (ECF No. 37) for summary judgment of foreclosure and sale of the mortgaged premises against the Defendants in accordance with Wis. Stat. § 846.101, with PNC having expressly waived its right to obtain a deficiency judgment against either Defendant and election of a six-month redemption period is **GRANTED**; and

The total amount due to PNC under the note is $327,627.44, which consists of $261,288.40 in principal; accrued and unpaid interest from February 1, 2013 to January 5, 2015, of $34,153.56; an escrow/impound overdraft of $15,721.89; unpaid late charges of $265.31; unpaid other fees in the amount of $246.00; a $24.00 property maintenance fee; outstanding corporate advances of $4,761.08; and additional interest of $11,167.20 accrued between January 6 and September 2, 2015;

Any and all other persons claiming an interest in the property are barred and foreclosed of all right, claim, lien and equity of redemption in and to the property, except the right to redeem the property before sale as may be sufficient to pay the amounts due upon the note and mortgage;

The Defendants and all persons claiming under them are enjoined from committing waste or doing any act that may impair the value of the

property;

The property must be sold by and under the direction of the Sheriff of Kenosha County for payment of the amount due to PNC together with interest, reasonable attorneys' fees and costs, costs of sale and any advances made for the benefit and preservation of the property until confirmation of sale, unless redeemed within the time and within the manner provided by law;

PNC must be paid the amounts due on the note and mortgage with interest to the time of such payment, together with costs and disbursements of this action and reasonable attorneys' fees and such amounts as PNC may advance for payment of real estate property taxes and insurance upon the property with interest on the same as allowed by law out of the proceeds of such sale so far as the monies arising out of such sale and proceeds applicable thereto will pay the same; and

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 13 -

Case 2:13-cv-01020-RTR   Filed 09/02/15   Page 13 of 13   Document 50